UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH W. MCCLAIN, JR., | : CIVIL NO: 1:10-CV-01517 |
| Plaintiff | : |
| | : (Judge Caldwell) |
| v. | : |
| | : (Magistrate Judge Smyser) |
| CORBETT, *et al.*, | : |
| Defendants | : |

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

On July 22, 2010, the plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint. The plaintiff also filed an application to proceed *in forma pauperis.*

The complaint names as defendants: C.O. Corbett, a corrections officer at the State Correctional Institution at Dallas (SCI-Dallas); Lt. Reigh, C.O. Johnson and C.O. Gutskey, all officers at the State Correctional Institution at Cresson (SCI-Cresson); Billy Lewis, a physician's assistant at SCI-Cresson; Nurse Capone, a nurse at SCI-Cresson; Francis S. Pirozzola, Rebecca M. Reifer, Kenneth R. Cameron and Michelle Driskel, all officers or officials at SCI-Cresson; and Michael

D. Klopotoski and Cindy Watson, officials with the Pennsylvania Department of Corrections.

The plaintiff alleges that defendant Corbett initiated a physical altercation with him and that when he fought back defendants Reigh, Gutskey and Johnson as well as other officers attacked him using excessive force.

The plaintiff alleges that, after excessive force had been used by the corrections officers, defendant Capone refused him medical attention for his eye. His eye was cut open and needed stitches. The plaintiff alleges that a day later defendant Lewis also refused to mend the plaintiff's gash with stitches.

The plaintiff alleges that before the incident defendant Klopotoski had knowledge of problems between defendant Corbett and the plaintiff but that defendant Klopotoski nevertheless assigned defendant Corbett as an escort for the plaintiff's transfer from SCI-Dallas to SCI-Cresson.

2

The plaintiff alleges that defendants Reifer, Pirozzola, Watson and Cameron obstructed justice by failing to grant relief on his grievance relating to the incident.

The plaintiff alleges that defendant Driskel failed to supervise and that her supervision would have prevented the use of excessive force.

As relief the plaintiff is seeking compensatory and punitive damages as well as declaratory relief.

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than

3

labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

4

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

By an Order dated July 29, 2010, we reviewed the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

In the Order of July 29th, we concluded that the complaint fails to state a claim upon which relief may be granted. We reasoned as follows:

>   A. Excessive Force.
>
>   The plaintiff alleges that defendant Corbett initiated a physical altercation with him and that when he fought back defendants Reigh, Gutskey and Johnson attacked him using excessive force.
>
>   The Eighth Amendment prohibits cruel and unusual punishment. When prison officials are accused of using excessive force in violation of the Eighth Amendment the inquiry "is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The following factors are relevant in determining if the force was applied in a good faith effort to restore discipline or was applied maliciously and sadistically to cause harm: the extent of the injury suffered; the need for the application of the force; the relationship between that need and the amount of force used; the threat reasonably perceived by the official; and any efforts made to temper the severity of a forceful response. *Id*. Although the extent of injury suffered is a consideration that may be relevant to determining if the force could have plausibly been thought necessary, to prove an Eighth Amendment excessive use of force claim an inmate does not need to show that he suffered a serious injury. *Id*. at 9.
>
>   The plaintiff alleges that defendant Corbett initiated a physical altercation with him. The plaintiff, however, does not allege specifically what defendant Corbett did. The

6

plaintiff has not alleged facts from which it reasonably can be inferred that defendant Corbett used force maliciously and sadistically to cause the plaintiff harm.  Accordingly, the complaint fails to state an excessive force claim upon which relief may be granted against defendant Corbett.

The plaintiff alleges that when he fought back defendants Reigh, Gutskey and Johnson attacked him using excessive force.  Again, however, the plaintiff has not alleged specifically what was done.  Although the plaintiff asserts that he was fighting back, he does not allege what actions he took.  The actions of the plaintiff are relevant to a determination of whether a use of force by the defendants was excessive.  The plaintiff also has not alleged what actions defendants Reigh, Gutskey and Johnson took.  The plaintiff has not alleged facts from which it reasonably can be inferred that defendants Reigh, Gutskey and Johnson used force maliciously and sadistically to cause the plaintiff harm.  Accordingly, the complaint fails to state excessive force claims upon which relief may be granted against defendants Reigh, Gutskey and Johnson.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  In the instant case, we will grant the plaintiff leave to file an amended complaint to attempt, if appropriate, to state Eighth Amendment excessive forces claims upon which relief may be granted against defendants Corbett, Reigh, Gutskey and Johnson.

B.  Medical Care.

The plaintiff alleges that after the use of excessive force by the corrections officers defendant Capone refused him medical attention for his cut open eye, which needed stitches. The plaintiff alleges that a day later defendant Lewis also refused to mend the plaintiff's gash with stitches.

In order for the plaintiff to state a viable Eighth Amendment medical care claim he must allege that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

The concept of serious medical need has two components, one relating to the consequences of a failure to treat and the other relating to the obviousness of those consequences. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). The condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death. *Id*. Also, the condition must be one that has been diagnosed by a doctor as requiring treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention. *Id*.

Negligence of a medical practitioner in the course of providing medical care, when it results in injury, may constitute a state law tort (medical malpractice), but is not necessarily a violation of the Eighth Amendment just because the patient is a prisoner. *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903

8

F.2d 274, 278 (3d Cir. 1990). The Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). The Third Circuit has also "found 'deliberate indifference' to exist when the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" *Id*. (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates. Courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); *White*, *supra,* 897 F.2d at 110 (mere disagreement over proper treatment does not state a claim upon which relief can be granted).

The plaintiff has not alleged facts from which it reasonably can be inferred that he had a serious medical condition. The plaintiff alleges that he had a "cut open eye." Not all cuts however are serious medical conditions. Whether a cut is a serious medical condition depends on the specific circumstances such as the length, depth and location of the cut and whether and to what extent the cut was bleeding. The plaintiff has not alleged how long or how deep the cut was. The plaintiff has not alleged whether the cut was on his actual eye or on the skin surrounding the eye. The plaintiff has not alleged whether, and if so to what extent, the cut was bleeding. The plaintiff does allege that the cut needed stitches. However, he has not alleged that a medical professional diagnosed the cut as requiring stitches. To the extent that the plaintiff's allegation that the cut needed stitches is based on his own lay opinion, such an opinion does not provide a reasonable basis for concluding that the cut was a serious medical need.

The plaintiff also has not alleged facts from which it reasonably can be inferred that defendants Capone and Lewis were deliberately indifferent. Apart from a conclusory allegation that defendant Capone refused him medical attention and that defendant Lewis refused to mend his cut with stitches, the plaintiff has not alleged what defendants Capone and Lewis did. The plaintiff has not alleged the reasons, if any, stated by defendants Capone and Lewis for their actions.

Since the plaintiff has not alleged facts from which it reasonably can be inferred that defendants Capone and Lewis were deliberately indifferent to a serious medical condition of the plaintiff, the complaint fails to state an Eighth Amendment medical claim upon which

10

relief may be granted against defendants Capone and Lewis.

We will grant the plaintiff leave to file an amended complaint to attempt, if appropriate, to state Eighth Amendment medical care claims upon which relief may be granted against defendants Capone and Lewis.

C. Failure to Protect.

The plaintiff alleges that before the incident defendant Klopotoski had knowledge of problems between defendant Corbett and the plaintiff but that defendant Klopotoski nevertheless assigned defendant Corbett as an escort for the plaintiff's transfer from SCI-Dallas to SCI-Cresson.

Prison officials have a duty to protect prisoners from violence at the hands of others. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). Prison officials and employees may be liable for failure to protect an inmate from the use of excessive force if they are deliberately indifferent to a substantial risk of serious harm to the inmate. *Id.* at 834. To plead an Eighth Amendment failure to protect claim a plaintiff must plead facts raising a reasonable inference of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *See Hamilton v. Leavy,* 117 F.3d 742, 747 (3d Cir. 1997).

Although the plaintiff alleges that defendant Klopotoski had knowledge of problems between him and defendant Corbett, the plaintiff has not alleged what those alleged problems were. The plaintiff has not alleged facts from which it can be reasonably inferred that there was a substantial risk of serious harm to him from defendant Corbett and that defendant Klopotoski was deliberately

11

indifferent to that risk. Accordingly, the complaint fails to state an Eighth Amendment failure to protect claim upon which relief may be granted against defendant Klopotoski.

We will grant the plaintiff leave to file an amended complaint to attempt, if appropriate, to state Eighth Amendment failure to protect claim upon which relief may be granted against defendant Klopotoski.

D. Denial of Grievance.

The plaintiff alleges that defendants Reifer, Pirozzola, Watson and Cameron obstructed justice by failing to grant him relief on his grievance.

"It is well-established that inmates do not have a constitutionally protected right to a prison grievance system." *Mitchell v. Dodrill,* 696 F.Supp.2d 454, (M.D.Pa. 2010)(Rambo, J.). Thus, a denial of a grievance does not amount to a violation of a prisoner's constitutional rights. *Id.*

The complaint fails to state a claim upon which relief may be granted against defendants Reifer, Pirozzola, Watson and Cameron. Leave to amend as to these defendants is denied as futile.

E. Failure to Supervise.

The plaintiff alleges that defendant Driskel failed to supervise and that her supervision would have prevented the use of excessive force.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "[E]ach Government official, his or her title notwithstanding, is only liable for

12

his or her own misconduct." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

To state a direct Eighth Amendment claim upon which relief can be granted against a supervisory defendant the plaintiff must allege facts from which it reasonably can be inferred that the defendant knew of and disregarded an excessive risk to the plaintiff's health or safety. *Beers-Capitol v. Whetzel,* 256 F.3d 120, 135 (3d Cir. 2001). To state an Eighth Amendment claim upon which relief can be granted against a supervisory defendant on the basis of deficient policies the plaintiff must identify a specific policy or practice that the supervisor failed to employ and must allege facts from which it reasonably can be inferred that 1) the existing policy or practice created an unreasonable risk of an Eighth Amendment injury, 2) the supervisor was aware that the unreasonable risk was created; 3) the supervisor was indifferent to that risk, and 4) that injury resulted from the policy or practice. *Id.* at 134-135.

The plaintiff has not alleged facts from which it reasonably can be inferred that defendant Driskel knew of and disregarded an excessive risk to the plaintiff's health or safety. The plaintiff has also not identified a specific policy or practice that defendant Driskel failed to employ and he has not alleged facts from which it reasonably can be inferred that an existing policy or practice by

13

>     defendant Driskel created an unreasonable risk
>     of an Eighth Amendment injury, that defendant
>     Driskel was aware that an unreasonable risk was
>     created, that defendant Driskel was indifferent
>     to that risk or that the plaintiff's injury
>     resulted from a policy or practice of defendant
>     Driskel. Accordingly, the plaintiff has failed
>     to state a claim upon which relief may be
>     granted against defendant Driskel.
>
>     We will grant the plaintiff leave to file
>     an amended complaint to attempt, if
>     appropriate, to state Eighth Amendment claim
>     upon which relief may be granted against
>     defendant Driskel.

*Doc.* 7 at 6-19.

The Order of July 29, 2010 provided leave to the plaintiff to file an amended complaint on or before August 30, 2010. The Order advised the plaintiff that, if he were to fail to file an amended complaint, it would be recommended that the case be dismissed.

The plaintiff did not file an amended complaint. By a Report and Recommendation dated September 23, 2010 we recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and that the case file be closed. The plaintiff filed objections to the Report and Recommendation

14

stating that he was unable to respond to the order granting him leave to amend because of his continued placement in solitary confinement. By an Order dated December 1, 2010, Judge Caldwell rejected the Report and Recommendation and remanded the case to the undersigned for further proceedings.

By an Order dated December 8, 2010, the plaintiff was granted leave to file an amended complaint on or before January 24, 2011. The Order provided that if the plaintiff were to fail to file an amended complaint, it would be recommended that the case be dismissed.

The plaintiff still has not filed an amended complaint. Nor has the plaintiff requested an extension of time in which to file an amended complaint. Since the complaint fails to state a claim upon which relief may be granted, we will recommend that the complaint be dismissed and that the case file be closed.

15

IV. Recommendations.

It is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: February 16, 2011.